UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN FINK AND SUSAN FINK**,<br>Plaintiffs,<br>v.<br>**WELLS FARGO BANK, N.A., ET AL.**,<br>Defendants. | Case No.  15-cv-0001-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; DENYING PRELIMINARY INJUNCTION**<br><br>Re: Dkt. Nos. 13, 22 |

Plaintiffs John Fink and Susan Fink ("Plaintiffs") bring this action against Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Western Reconveyance, LLC, for claims for arising out of loan servicing, requests for loan modification, and actions taken in furtherance of foreclosure on a home loan.  Plaintiffs allege claims for: (1) breach of contract; (2) breach of the implied agreement; (3) violations of California Civil Code §§ 2923.5, 2923.55, and 2923.6; (4) wrongful foreclosure; (5) slander of title; (6) violation of FDCPA, the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq.*; (7) unfair business practices in violation of California Business & Professions Code section 17200; (8) violation of RESPA, the Real Estate Settlement Procedures Act, 12 U.S.C. section 2605; and (9) violation of TILA, the Truth in Lending Act, 15 U.S.C. section 1601 *et seq.*

On January 7, 2015, Plaintiffs were granted a temporary restraining order and the Court issued an order to show cause regarding a preliminary injunction.  (Dkt. No. 13.)  Shortly thereafter, Wells Fargo filed its Motion to Dismiss the complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Dkt. No. 22.)

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **DENIES** the preliminary injunction, **VACATES** the Order to Show Cause, and **GRANTS** the Motion to Dismiss with leave to amend.[1]  Because the

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.  Accordingly, the Court **VACATES** the hearing set for **March 17, 2015**.

1  motion to dismiss looks to the plausibility of the claims at a pleading level, and the preliminary

2  injunction considers the evidence in support of the plausible claims, the Court turns first to a

3  discussion of the matters at issue in the motion to dismiss.

## MOTION TO DISMISS

**I.  BACKGROUND**

Plaintiffs filed their complaint on January 2, 2015.  (Dkt. No. 2.)  The following statement of facts is drawn from the allegations of the complaint unless otherwise noted.

On or around September 23, 2005, plaintiffs obtained a $463,750 home loan from World Savings Bank, FSB. (Complaint ¶ 8).  The promissory note was secured by a deed of trust against 5009 Murchio Drive, Concord, California (Complaint ¶¶ 2, 8).

A notice of default was recorded on April 2, 2014.  The notice of default stated that the plaintiffs had stopped making payments on the loan in October 2012.  (RJN Exh. G. at 2.)[2]  Plaintiffs allege they made their first loan modification application on June 30, 2014.  (Complaint ¶ 51.)  On July 7, 2014, a notice of trustee's sale was recorded with respect to the property.

Thereafter, on August 14, 2014, Wells Fargo sent Plaintiffs a letter with the subject line "Decision on your loan modification and next steps," which briefly stated that "[a]fter carefully reviewing the information we currently have, we have determined that you still do not meet the requirements." (Complaint, Exh. C.)  About six weeks after that, on October 3, 2014, Wells Fargo sent Plaintiffs another letter denying their application for a loan modification and detailing the reasons Wells Fargo found that they did not meet the requirements of the federal Home Affordable Modification Program ("HAMP") program.  (Complaint, Exh. B.)  The denial letter stated that, based on Plaintiffs' monthly gross income, the appraised property value, and other metrics, Wells Fargo was "unable to reduce [plaintiffs'] principal and interest by 10% or more." (*Id.* at 1.)  The letter added that plaintiffs could appeal the modification denial, and attached an "appeal request

---

[2] Wells Fargo seeks judicial notice of official government documents concerning the transfer of World Savings to Wells Fargo, as well as the deed of trust, notice of default, and notice of trustee's sale publicly recorded with respect to the subject property.  Plaintiffs objected to the request for judicial notice.  The Court **GRANTS** judicial notice of the documents themselves, but not the truth of the statements therein.

1  form" as well as a list of the input values that were used in conjunction with the modification
2  review. (*Id.* at 2-12.)
3      Plaintiffs also allege that Wells Fargo caused the notice of sale to be recorded while it was
4  still in the process of reviewing Plaintiffs' loan modification application. (Complaint ¶¶ 50-55).
5  Further, Plaintiffs allege, Wells Fargo recorded the notice of default without contacting or
6  attempting to contact them to discuss foreclosure alternatives. (*Id.* at ¶¶ 33-48.)

7  **II.   APPLICABLE STANDARD**

8      A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in
9  the complaint. *Ileto v. Glock, Inc.,* 349 F.3d 1191, 1199–1200 (9th Cir. 2003). "Dismissal can be
10 based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a
11 cognizable legal theory." *Balistreri v. Pacifica Police Dep't* 901 F.2d 696, 699 (9th Cir. 1990).
12 All allegations of material fact are taken as true and construed in the light most favorable to the
13 plaintiff. *Johnson v. Lucent Techs., Inc.,* 653 F.3d 1000, 1010 (9th Cir. 2011). To survive a
14 motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a
15 claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting
16 *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007)). This "facial plausibility" standard requires
17 the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted
18 unlawfully." *Iqbal,* 556 U.S. at 678. While courts do not require "heightened fact pleading of
19 specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative
20 level." *Twombly,* 550 U.S. at 555.

21     In deciding whether the plaintiff has stated a claim upon which relief can be granted, the
22 court must assume that the plaintiff's allegations are true and must draw all reasonable inferences
23 in the plaintiff's favor. *See Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987).
24 However, the court is not required to accept as true "allegations that are merely conclusory,
25 unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536
26 F.3d 1049, 1055 (9th Cir. 2008).
27 //
28 //

### III. DISCUSSION

#### A. Claims Based On Defendants' Lack of Standing To Foreclose

All twelve causes of action in the Complaint are based, at least in part, on Plaintiffs' allegations of a break in the chain of title, resulting in Wells Fargo and Defendant Cal-Western Reconveyance not being proper parties to initiate a foreclosure. Plaintiffs allege that the original lender (World Savings Bank) transferred the promissory note in a "securitization transaction," first to Wachovia, then to Wells Fargo. Plaintiffs allege that this transfer was done in a manner inconsistent with the terms of the deed of trust and without proper notice, thereby "breaking" the chain of title. (Complaint ¶¶ 15, 17, 58, 77, 106.) As a consequence, Plaintiffs allege that Wells Fargo is not the present beneficial interest holder with clear title and therefore "lacks the power of sale and cannot complete a valid foreclosure." (Complaint ¶ 59; *see also* ¶¶ 18, 21, 30, 61, 64, 68, 81-82, 106-107). In support of this theory, the Complaint cites *Glaski v. Bank of America,* 218 Cal.App.4th 1079 (2013).

To the extent that Plaintiffs rely on this theory, the claims are without merit. Based on the matters judicially noticeable here, Wells Fargo is the current beneficiary under the 2005 deed of trust signed by plaintiffs. (RJN, Exhs. G, H). As Plaintiffs allege, the original deed of trust was in the name of World Savings Bank, FSB. Documents in the public record corroborate the transition from World Savings to Wells Fargo, (RJN, Exh. A-E), as do published decisions in other foreclosure actions. *Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1121 (N.D. Cal. June 9, 2010) (court found that World Savings Bank, FSB became Wachovia Mortgage, FSB, and then merged into Wells Fargo Bank, N.A.); *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1031 (N.D. Cal. Oct. 25, 2010) (same). Thus, Plaintiffs cannot plausibly allege that Wells Fargo lacked standing to initiate a foreclosure due to their original lender changing its name and then merging with Wells Fargo. The Court notes, further, that Plaintiffs never dispute that the subject loan is in default or that the change from World Savings to Wells Fargo somehow prevented them from paying on their loan. Finally, the Court notes that, while the Complaint itself alleges defects arising from the "securitization process," Plaintiffs' opposition to the motion to dismiss disavows any securitization claim. And, indeed, the loan is not apparently one that was securitized in the

sense of being packaged and resold in a secondary market.[3]  Plaintiffs' basic lack-of-standing premise permeates all of Plaintiffs' claims.  Plaintiffs' claims for breach of express contract, wrongful foreclosure, slander of title, unfair business practices in violation of Business & Professions Code § 17200, and violation of RESPA rely entirely on the allegations that Defendants lack authority to exercise the power of sale.  The motion to dismiss these claims is **GRANTED WITHOUT LEAVE TO AMEND**.  To the extent the other claims rely on this theory, they are likewise **DISMISSED WITHOUT LEAVE TO AMEND** on this basis.

      **B.**      **Other Theories of Liability**

            ***1.***      ***Promises In Connection With Loan Modification***

Plaintiffs offer alternative grounds for some of their claims.  In connection with their claims for breach of implied contract, violation of California Civil Code 2923.6, and FDCPA claims, Plaintiffs allege that Wells Fargo made promises to modify their loan based upon a fair assessment of their loan modification application, but breached those promises and breached its fiduciary duties when it used an inaccurate appraisal in calculating the net present value of their home, and failed to take into account the defects in that appraisal process after notice from Plaintiffs.  To the extent Plaintiffs allege that Wells Fargo made promises to them with respect to the loan modification process or appraisal process, or that such promises were breached, the allegations are insufficiently alleged.  Plaintiffs seem to conflate a promissory estoppel theory with a breach of fiduciary duty claim, while acknowledging authorities that a lender normally does not owe a borrower any fiduciary duties. "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Ragland v. U.S. Bank National Assn.*, 209 Cal.App.4th 182, 206 (2012) (quoting *Nymark v. Heart Fed. Savings & Loan Assn.* 231

---

[3] Even if it were, securitization does not itself preclude exercise of the power of sale by the beneficiary of the deed of trust. *Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. May 11, 2010); *Jenkins v. JP Morgan Chase Bank, N.A.,* 216 Cal.App. 4th 497, 515 (2013) (even assuming transfers of the note were invalid, plaintiff "is not the victim of such invalid transfers because her obligations under the note remained unchanged" and rejecting the minority view in *Glaski*).

Cal.App.3d 1089, 1096(1991)).  Plaintiffs do not allege with any clarity why Wells Fargo would have fiduciary duties here.

To the extent that Plaintiffs allege that HAMP or the Servicer Participation Agreement ("SPA") guaranteed them a loan modification, or that they are third party beneficiaries of the SPA, such claims must be rejected.  *Bank of America, N.A. v. Roberts*, 217 Cal. App. 4th 1386, 1399 (2013) (rejecting theory that a borrower was a third-party beneficiary of the lender's Troubled Asset Relief Program (TARP) contract with the U.S. Department of the Treasury); *Warner v. Wells Fargo Bank, N.A.*, No. SACV 11-00480 DOC, 2011 WL 2470923, at *3 (C.D. Cal. June 21, 2011) (participation in HAMP statutory scheme by signing the SPA with the United States Treasury does not confer on plaintiffs third party beneficiary status to enforce the terms of the SPA).

### 3. *Borrower Notification Claims Under Civil Code §§ 2923.5 and 2923.55*

Plaintiffs implicitly concede that their claim for violation of California Civil Code 2923.5 must be dismissed as a matter of law because that provision had a sunset date of January 1, 2013, when it was replaced with Civil Code 2923.55, and the notice of default here was recorded after that date.  (Plaintiffs' Oppo. to Mtn to Dismiss at 10:12-13.)  With respect to the claim under section 2925.55, the allegations that Wells Fargo failed to contact Plaintiffs to discuss alternatives to foreclosure are contradicted by other allegations and attachments to the Complaint.  Plaintiffs allege that they were engaged in loan modification communications with Wells Fargo.  They attach to the Complaint Wells Fargo's responses to two such inquiries.  The timing of when such discussions began is ambiguous.  Moreover, Plaintiffs do not respond to the authorities offered by Wells Fargo to the effect that loan modification discussions after the recording of the notice of default may be sufficient where Plaintiffs have already, in effect, achieved the only remedy available under this statute, *i.e.,* a postponement of the foreclosure sale until Defendants comply.  *Bell v. Wells Fargo Bank, N.A.,* 2014 U.S. Dist. LEXIS 153170 at *9-10 (C.D. Cal. Oct. 28, 2014).

In their opposition, Plaintiffs further argue that Defendants failed to comply with section 2923.55.  That provision prohibits a mortgage servicer or beneficiary from recording a notice of default pursuant to Section 2924 until the mortgage servicer sends a statement advising that the

1 borrower may request, "[a] copy of any assignment, if applicable, of the borrower's mortgage or
2 deed of trust required to demonstrate the right of the servicer to foreclose." This allegation is not
3 part of the Complaint as pleaded.

4 For all the reasons stated herein, the motion to dismiss the claims under Civil Code section
5 2923.5 is, therefore, **GRANTED WITH LEAVE TO AMEND**, and to dismiss the claim under section
6 2923.5 is **GRANTED WITHOUT LEAVE TO AMEND**.

### *4. Dual Tracking Claim Under Civil Code § 2923.6*

Plaintiffs' claim for violation of California Civil Code section 2923.6 alleges that Wells Fargo "wrongfully failed to offer" a modification, despite a promise to do so, and was prohibited under the "dual tracking provisions" since a loan modification application was still pending. Section 2923.6 provides that:

> (c) If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent *shall not record a notice of default or notice of sale,* or conduct a trustee's sale, *while the complete first lien loan modification application is pending.* A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs:
>     (1) *The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.*
>     (2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.
>     (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.
>
> (d) If the borrower's application for a first lien loan modification is denied, the borrower *shall have at least 30 days from the date of the written denial to appeal* the denial and to provide evidence that the mortgage servicer's determination was in error.

Cal. Civ. Code § 2923.6(c), (d) (emphasis supplied).

The promissory aspect of this claim, as with the claims above, is alleged in an ambiguous, insufficient manner, thus failing to meet Rule 8's plain statement requirement. Nothing in section 2923.6 would create an obligation to provide or approve a loan modification.

7

1    As to the dual tracking allegations, the allegations of the Complaint are contrary to the
2 January 23, 2013 declaration attached to the notice of default, which states that Wells Fargo
3 exercised due diligence to contact Plaintiffs.  (RJN Exh. G, Notice of Default.)  Further, the
4 August 14, 2014 letter from Wells Fargo attached to the Complaint indicates that it was not the
5 first rejection of Plaintiffs' request for a loan modification.  (Complaint, Exh. C.: "[a]fter carefully
6 reviewing the information we currently have, we have determined that you *still* do not meet the
7 requirements," emphasis supplied.)  This suggests that an earlier loan modification denial was
8 provided, and that the filing of the notice of default on April 2, 2014, could have been within the
9 statutory time frame.  Further, Plaintiffs offer no authority establishing whether and when
10 subsequent applications for a loan modification might extend that period in which the beneficiary
11 is precluded from a recording a notice of default or notice of sale.   The motion to dismiss the
12 claim under section 2923.6 is **GRANTED WITH LEAVE TO AMEND** to the extent possible,
13 consistent with Plaintiffs' obligations under Rule 11 of the Federal Rules of Civil Procedure.

### 5. *FDCPA Claim*

15    Plaintiffs' claim for violation of the FDCPA is precluded because "assignees and servicers
16 on mortgage loans are not 'debt collectors' for purposes of the FDCPA" *Lal v. Am. Home*
17 *Servicing, Inc.,* 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010); *Davidson v. JP Morgan Chase N.A.*,
18 No. CV 11-03566 RMW, 2011 WL 5882678, 3 (N.D.Cal. Nov. 23, 2011) ("Non-judicial
19 foreclosure does not constitute 'debt collection' for purposes of the FDCPA.")  "[S]ince a transfer
20 in interest is the aim of a foreclosure, and not a collection of debt, the foreclosure proceeding is
21 not a debt collection action under the FDCPA." *Hanaway v. JPMorgan Chase Bank,* No. SACV
22 10–1809, 2011 WL 672559, at *4 (C.D.Cal. Feb.15, 2011).  The motion to dismiss the FDCPA
23 claim is therefore **GRANTED WITHOUT LEAVE TO AMEND**.

### 6. *TILA Claim*

25    Plaintiffs also allege a claim for violation of TILA for failure to provide accurate material
26 disclosures at the time of initiation of the loan.  Plaintiffs seek both statutory damages and
27 rescission under TILA for these alleged violations.  (Complaint ¶¶ 130-31.)
28    Both claims are time-barred.  Plaintiffs entered into the loan in September 2005.  A TILA

8

1   damages claim must be brought within one year of loan closing pursuant to 15 U.S.C. § 1640(e).

2   *See e.g., Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003). The right of

3   rescission under TILA expires three years after the date of consummation of the transaction. 15

4   U.S.C. § 1635(f) ("[a]n obligor's right of rescission shall expire three years after the date of

5   consummation of the transaction or upon the sale of the property, whichever occurs first…").

6   Plaintiffs' attempt to allege a basis for tolling (*i.e.,* the statutes were "tolled due to Defendants'

7   failure to effectively provide the required disclosures and notices" at Complaint ¶ 128) is

8   conclusory and vague, and therefore insufficient to avoid dismissal on these grounds. The motion

9   to dismiss the TILA claim is therefore **GRANTED WITH LEAVE TO AMEND**, consistent with

10  Plaintiffs' obligations under Rule 11 of the Federal Rules of Civil Procedure.

## PRELIMINARY INJUNCTION

Because the Court finds that all claims within the Complaint must be dismissed, the order to show cause is **VACATED** and the preliminary injunction is **DENIED**.

## CONCLUSION

Accordingly, the Court orders that:

(1) Wells Fargo's Motion to Dismiss is **GRANTED**. The claims are dismissed without leave to amend to the extent that they are grounded on an alleged lack an interest in the deed of trust and inability to exercise a power of sale. Likewise, the motion to dismiss the claims for violation of section 2923.5 and violation of the FDCPA is granted without leave to amend.

(2) To the extent based on any other theories, the Court grants leave to amend as set forth herein.

(3) Plaintiffs' request for a preliminary injunction is **DENIED**.

This terminates Docket No. 22.

**IT IS SO ORDERED.**

Dated: March 16, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**