United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**JOHN FINK AND SUSAN FINK,**

       Plaintiffs,

   v.

**WELLS FARGO BANK, N.A., ET AL.,**

       Defendants.

Case No.  15-cv-00001-YGR

**ORDER DENYING SECOND MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 35)**

On March 25, 2015, Plaintiffs John Fink and Susan Fink filed their second Motion for Temporary Restraining Order.  (Dkt. No. 34.)

The Court previously granted a motion for temporary restraining order and order to show cause on a preliminary injunction. (Dkt. No. 13.)  That temporary restraining order was effectively dissolved by the Court in the context of its order granting the motion of Defendant Wells Fargo Bank, N.A. ("Wells Fargo") to motion to dismiss Plaintiffs' complaint and denying a preliminary injunction.  As the Court set forth therein, there were numerous defects in each of Plaintiffs' claims.

Plaintiffs now make a second attempt to support a temporary restraining order to stop the foreclosure sale of the subject property, currently scheduled for March 26, 2015.  Plaintiffs contend that there are changed circumstances supporting injunctive relief, to wit: (1) because "Plaintiffs incurred a change in income and submitted a new loan modification application on March 24, 2015," foreclosure would be in violation of California Civil Code section 2923.6, and (2) Wells Fargo violated the single point of contact provisions in California Civil Code section 2923.7.

The scant evidence Plaintiffs offer in support of their temporary restraining order does not support the arguments in the motion.  Plaintiffs offer no evidence to show that they have incurred a change in income, submitted a new loan modification application, or suffered violations of the single point of contact provisions in section 2923.7.  The only evidence offered by Plaintiffs is the

declaration of Susan Fink, which in turn attaches or references: (1) a 44-page document entitled "Loan Disposition Analysis," stating that it was prepared by "Real Estate Service and Technology," on March 17, 2015, for "Top Gun Auditor;" and (2) a letter dated December 30, 2014, from Susan and John Fink addressed to Wells Fargo Home Mortgage.  (Fink Dec. at 2:9-11, referencing Dkt. No 8-4, Declaration of Susan Fink filed January 7, 2015, at Exh. C.)  The "Loan Disposition Analysis" does not provide evidence in support of either argument.  While the letter indicates that Plaintiffs spoke with two different representatives at Wells Fargo, it is not enough to support a claim for violation the "single point of contact" provisions in section 2923.7, without more.  *Cf., e.g.,* Cal. Civ. Code § 2923.7(e): "For the purposes of this section, "single point of contact" means an individual or team of personnel each of whom has the ability and authority to perform the responsibilities described in subdivisions (b) to (d), inclusive."

In short, Plaintiffs have failed to offer evidence to support a temporary restraining order. For that reason, the motion is **DENIED**.

This Order terminates Dkt. No. 35.

**IT IS SO ORDERED.**

Dated: March 25, 2015

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**