UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN FINK AND SUSAN FINK**,<br><br>Plaintiffs,<br><br>v.<br><br>**WELLS FARGO BANK, N.A., ET AL.**,<br><br>Defendants. | Case No.  15-cv-0001-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND; DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AS MOOT; VACATING HEARING**<br>**ORDER TO SHOW CAUSE RE: ENTRY OF JUDGMENT IN FAVOR OF BOTH DEFENDANTS AND SETTING COMPLIANCE HEARING**<br><br>Re: Dkt. Nos. 41, 44 |

Plaintiffs John Fink and Susan Fink ("Plaintiffs") bring this action against Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Western Reconveyance, LLC, for claims for arising out of loan servicing, requests for loan modification, and actions taken in furtherance of foreclosure on a home loan. The Court having previously granted a motion to dismiss their complaint with leave to amend some of the claims (Dkt No. 33), Plaintiffs filed a First Amended Complaint ("FAC") on March 26, 2015. (Dkt. No. 37.) The FAC alleges claims for: breach of implied agreement/promissory estoppel; violation of California Civil Code § 2923.55; violation of California Civil Code § 2923.6; and violation of 15 U.S.C. § 1601 (the Truth in Lending Act, or "TILA").

Wells Fargo filed its motion to dismiss the FAC on April 8, 2015. (Dkt. No. 41.) On April 12, 2015, Plaintiffs filed their Third Motion for Temporary Restraining Order. (Dkt. No. 44.) Pursuant to the agreement of the parties, that matter was briefed and set for hearing at the same time as Wells Fargo's pending Motion to Dismiss and with Defendants' agreement to postpone the foreclosure sale on Plaintiffs' home until the Court decided the two pending motions.

Having carefully considered the papers submitted, the matters judicially noticeable,[1] and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the Motion to Dismiss the FAC without leave to amend.[2] Consequently, the pending motion for temporary restraining order is **DENIED AS MOOT**. Further, and in light of the Court's ruling on the motion to dismiss, the Court parties are **ORDERED TO SHOW CAUSE** why judgment should not be entered in favor of both Defendants Wells Fargo *and* Cal-Western Reconveyance.

**I.  APPLICABLE STANDARD**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.,* 349 F.3d 1191, 1199–1200 (9th Cir. 2003). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't* 901 F.2d 696, 699 (9th Cir. 1990). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Johnson v. Lucent Techs., Inc.,* 653 F.3d 1000, 1010 (9th Cir. 2011). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007)). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678. While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the

---

[1] Wells Fargo seeks judicial notice (Dkt. No. 42, "RJN") of official government documents concerning the transfer of World Savings to Wells Fargo, as well as the deed of trust, notice of default, and notice of trustee's sale publicly recorded with respect to the subject property, and Plaintiffs' bankruptcy court filing. Plaintiffs objected to the request for judicial notice. (Dkt. No. 58.) The Court **GRANTS** judicial notice of the documents themselves but not the truth of the statements therein.

[2] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **May 26, 2015**.

2

court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008).

**II.   DISCUSSION**

    **A.   Promissory Estoppel/Implied Contract Claim**

The FAC alleges several theories for breach of a promise, none of which state a plausible claim for relief.

First, Plaintiffs allege that Wells Fargo demanded payments "without authorization" and "in excess of what was owed." (FAC ¶ 15.) Beyond these conclusory statements, Plaintiffs offer no substantive factual allegations that would support a claim that Wells Fargo did not have authorization to demand payments or demanded more than was owed.[3]

Second, Plaintiffs allege that the note was changed from an adjustable to a fixed rate note. In support of this allegation, Plaintiffs cite to a letter from Wells Fargo to them dated October 3, 2014, which is Exhibit B to the FAC. The letter explains the calculations done to assess whether Plaintiffs were qualified for a loan modification under the federal government's Home Affordable Modification Program (HAMP), specifically the net present value (NPV) for the modification. (FAC, Exh. B at 1.) As the letter explains, "[w]e input certain financial information and combine

---

[3] In its prior order, the Court specifically dismissed any claims of Plaintiffs to the extent they relied on a theory that Wells Fargo lacked authority to conduct a judicial foreclosure because their original lender "transferred the promissory note in a 'securitization transaction,' first to Wachovia, then to Wells Fargo… in a manner inconsistent with the terms of the deed of trust and without proper notice, thereby 'breaking' the chain of title." (Order, Dkt. No. 33, at 4.) However, Plaintiffs persist in raising Wells Fargo's authority to foreclose in connection with each of their claims in the FAC. As the Court previously indicated, based on the matters judicially noticeable, Wells Fargo appears to be the proper beneficiary under the 2005 deed of trust signed by Plaintiffs, due to the original lender, World Savings Bank, FSB becoming Wachovia Mortgage, FSB, and then merging into Wells Fargo. (RJN, Exhs. A-H). Plaintiffs' continued arguments and allegations that Wells Fargo lacks "authority" to foreclose, without more, do not state a plausible basis for a claim.

it with information required by the [Department of the] Treasury to determine if the NPV is acceptable to the investor that owns your mortgage." (*Id.*)  The letter notified Plaintiffs that "we are unable to reduce your principal and interest payment by 10% or more [and w]e reached this decision by reviewing your monthly income, which is calculated as $5901.86, along with reviewing other information you provided." (*Id.*)  Nothing in the October 3, 2014 correspondence indicates that it is modifying the prior terms of Plaintiffs' note or that it is, in any way, a new agreement with Plaintiffs.[4]

Third, Plaintiffs allege that Wells Fargo breached its obligation to modify their Note "by an amount greater than 10% at a positive Net Present Value, because the proposed modified payment was $1,264.80."  (FAC ¶ 15.)  Plaintiffs allege "Defendant's October 3, 2014 correspondence is self-contradictory and breaches their promise stated therein to modify for an amount greater than 10% of Plaintiffs' current obligation."  (*Id.*)[5]  Again, the October 3, 2014 letter does not promise a modification or state any conditions for granting one, but instead denies one.  Because the allegations are contradicted by the exhibits to the FAC, they do not support a claim for relief.

Fourth, Plaintiffs allege that Wells Fargo never performed a "good faith review" due to misapplication of guidelines in conducting "the Net Present Value analysis including applying a target percentage range for the reduction in monthly payment amount that was not correlated to that called for under HAMP guidelines."  (FAC ¶ 15, 16.)  The California Court of Appeal has held that a lender may have a duty "not make material misrepresentations about the status of an application for a loan modification or about the date, time, or status of a foreclosure sale" as well as a duty to consider a loan modification in good faith.  *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 68, 76 (2013).  However, it has so held in the context of borrowers who

---

[4] Moreover, even if the terms of the note were actually changed from adjustable to fixed as Plaintiffs' allege, the FAC does not state how this alleged breach harmed them.

[5] The letter added that Plaintiffs could appeal the modification denial, and attached an "appeal request form" as well as a complete list of the input values that were used in conjunction with the modification review. (FAC, Exh. B. at pp. 2-12.)

have performed in accordance with Trial Period Plans for a length of time only to have the lender deny them a permanent modification anyway. *Id.; see also Bushell v. JPMorgan Chase Bank, N.A.*, 220 Cal. App. 4th 915, 929 (2013) ("Chase was required to offer plaintiffs a good faith permanent modification of their loan given that plaintiffs have alleged they complied with the TPP and qualified under HAMP"). Here, Plaintiffs do not specify in what way Wells Fargo's review was inconsistent with the HAMP guidelines other than to say that it the "target percentage range for reduction" was not correlated to the HAMP guidelines. Plaintiffs never explain why the statement that Wells Fargo was "unable to reduce your principal and interest payment by 10% or more" does not comply with a HAMP guideline or demonstrates a lack of good faith by Wells Fargo. In opposition to the motion, Plaintiffs back away from even this statement and say that "regardless of whether or not Plaintiffs were entitled to a modification according to HAMP guidelines, there can still be a finding of moral blame on the part of Wells Fargo for failing to reasonably process Plaintiffs' application and breaching the provisions of Plaintiffs' Note and HAMP guidelines, because Plaintiffs alleged Wells Fargo's actions were responsible for Plaintiffs' needing a modification." (Oppo., Dkt. No. 57, at 5:1-5.) Leaving aside the circularity of this logic, it does not support the allegations in the complaint nor does it state a basis for finding a breach of contract. In short, Plaintiffs have failed to state a coherent, plausible claim based on a lack of good faith review of their modification applications.

For all the foregoing reasons, the motion is **GRANTED** and Plaintiffs' claim for breach of an implied contract or promissory estoppel is **DISMISSED WITHOUT LEAVE TO AMEND**.

**B.   Borrower Notification Claim Under Civil Code § 2923.55**

Plaintiffs allege in the FAC that they were never served with the April 2, 2014 Notice of Default or the Section 2923.55 statement attached to the FAC as Exhibit C. (FAC ¶ 26.) They further allege that Defendants "miscalculated payments, failed to adhere to the provisions of HBOR, breached their promises and fiduciary duties to Plaintiffs, and do not have authority to foreclose upon and sell the Property." (FAC ¶ 27.)

As to the service of a notice of default in compliance with section 2923.55, the April 2, 2014 Notice of Default, attached to the FAC as Exhibit C, includes a "Declaration of Compliance"

which states:
> The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code § 2923.55(f) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty, or more days have passed since these due diligence efforts were satisfied.

(FAC, Exh. C at 3.) The statement is certified by "Christopher Smith, VP of Loan Documentation" and dated January 23, 2013. (*Id.*) Section 2923.55(c) requires that the due diligence declaration be included with the notice of default recorded. It does not address service of either the notice of default or the declaration of diligence. Moreover, the allegations of the FAC all make clear that Plaintiffs contacted Wells Fargo and submitted multiple applications for loan modification after the recordation of the notice of default, fulfilling the purposes of section 2923.55(f). As the only relief available for a violation of section 2923.55(f) is injunctive relief to postpone the sale until the lender has complied with the notice requirements, it is clear that no claim is stated here. *See* Cal. Civ. Code § 2924.12(a)(1) ("If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17."); *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 235 (2010) (remedy for violation of predecessor statute, section 2923.5, was limited to injunctive relief pending lender's compliance); *cf. Bell v. Wells Fargo Bank, N.A.,* 2014 U.S. Dist. LEXIS 153170, *9 (C.D. Cal. Oct. 28, 2014) (compliance with notice requirements met where plaintiff "submitted at least three applications for a loan modification, albeit after the Notice of Default was filed, and that Wells Fargo conducted at least two loan modification reviews.")[6]

---

[6] While the Court does not need to reach the evidence offered in support of the temporary restraining order, the Court notes that the evidence offered by Plaintiffs themselves contradicts their allegations. For instance, the declaration of Susan Fink, filed April 12, 2015, Dkt. No. 46, states that "[o]n or about April 14, 2014, we received the statutory notice," a letter from Wells Fargo providing "Notice Pursuant to Cal. Civ. Code § 2924.9" indicating that Plaintiffs' mortgage was in foreclosure and offering to discuss options to avoid it, and that "[o]n or about April 14, 2014, I received correspondence purporting to include a Notice of Default." Both documents are attached to that declaration. This evidence contradicts Plaintiffs' allegation that they were never served with the April 2, 2014 Notice of Default and declaration of diligence.

The motion to dismiss the claim under section 2923.55 is **GRANTED WITHOUT LEAVE TO AMEND**.

### C. Dual Tracking Claim Under Civil Code § 2923.6

The FAC alleges violation of California Civil Code section 2923.6 based on three Requests for Mortgage Assistance ("RMAs") submitted by Plaintiffs to Wells Fargo: (1) an initial application on June 30, 2014, that was declined on August 14, 2014 (FAC ¶ 17)[7]; (2) a second application on September 5, 2014, submitted after John Fink returned to work and Plaintiffs' family began supplying additional income, that was denied on October 3, 2014 (FAC, Exh. B.); and (3) a third application submitted March 23, 2015 "on the basis of a change in employment of John Fink and family support." (FAC ¶ 38.) Plaintiffs allege that they "should have qualified for permanent modification, [but] Defendants wrongfully failed to offer a TPP after each review, despite promising to do so should Defendants' analysis result in eligibility for modification of a greater than 10% decrease in payment amounts, which it did." (FAC ¶ 37.) Thus, Plaintiffs allege that "upon each submission documenting a material change in financial circumstances, Plaintiffs were entitled to Section 2923.6 protection." (FAC ¶ 38.)

Section 2923.6 provides that a notice of default or notice of sale shall not be recorded if the borrower has submitted a completed application for a first lien loan modification and is pending, or within 30 days of the written denial of such application. Cal. Civ. Code § 2923.6(c), (d). However, the remedy for a violation of section 2923.6 is injunctive relief to postpone the sale. Civil Code § 2924.12(a)(1) (borrower may only obtain injunctive relief for a "material violation"

---

[7] The FAC alleges that "Plaintiffs did not receive a response to their [modification] application until August 14, 2014." (FAC ¶ 39.) However, the letter Plaintiffs attached to the FAC at Exhibit D indicates that this document likely was not the initial denial letter, but a response to an appeal. (*Id.* ["[a]fter carefully reviewing the information we currently have, we have determined that you *still* do not meet the requirements for a loan modification."].) The Court notes that Plaintiffs have attempted to correct this allegation through their submissions in connection with their motion for temporary restraining order. Therein they indicate that the first RMA was denied on July 10, 2014, and that on July 11, 2014, Plaintiffs were served with a Notice of Trustee's Sale, that had been recorded on July 7, 2014. (Dkt. Nos. 42-1, 46, Exh. K.) Plaintiffs also indicate that they appealed the denial of their First RMA based on a change in John Fink's income. (Dkt. No. 46 at 5:8-10.) Regardless, the outcome here is the same.

of Section 2923.6.) Even if the original notice of default was recorded prior to the time that Wells Fargo considered and denied the original RMA, the sale effectively was postponed through two additional RMAs. The violation, if any, is not material.

As to the most recent RMA, Plaintiffs have not alleged facts sufficient to establish that there has been a "material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer." Cal. Civ. Code § 2923.6(g).[8] Consequently, Plaintiffs have failed to allege a plausible claim for a dual-tracking violation under section 2923.6 and the motion to dismiss this claim is **GRANTED WITHOUT LEAVE TO AMEND**.

D.     **TILA Claim**

The Court's prior order on the original complaint dismissed the TILA claim with leave to amend to allege facts to avoid the apparent untimeliness of the claim. Plaintiffs' FAC alleges that Wells Fargo (and its predecessors) failed to provide Plaintiffs with accurate material disclosures as required by TILA at the time of inception of the loan. (FAC ¶ 43.) It further alleges that Plaintiffs were not aware of a change in the terms of the loan until October 3, 2014, the purported change from adjustable to fixed rate, as alleged above in connection with the contract claim. (FAC ¶ 44.) And, finally, the FAC alleges that Defendants violated the "Liability of Assignee" provisions of TILA, 15 U.S.C § 1641(g), which requires that an entity purchasing or assigning a beneficial interest in a loan on a property, it must notify the borrower in writing within 30 days of when the

---

[8] The Court further notes that Plaintiffs submitted evidence that their application for a Third RMA indicated an increase in income. The declaration of Susan Fink indicates that Plaintiffs reported a combined monthly income of either $5,888.00 or $5,901.86, which included John Fink's employment income and Susan Fink's social security income, in the Second RMA. (*See* Dkt. No. 56 at 2:1-6; and Dkt. No. 51-3 Exhs. NN, OO.) In the Third RMA, after John Fink first lost and then gained employment, they reported the social security income and anticipated monthly commissions of $5,833.33 for John Fink, or a gross monthly income of $6,588. (Dkt. No. 56 at 3:9-12, 4:9-12.) Plaintiffs indicate that their Second RMA was denied by Wells Fargo "on the grounds that our monthly income of $5,901.86 was too high to qualify for a loan modification." (Dkt. No. 56 at 2:19-21.) Thus, Plaintiffs submission of a Third RMA, indicating a higher income, does not support a finding of "material change in the borrower's financial circumstances since the date of the borrower's previous application" that would have resulted in a positive loan modification decision for purposes of section 2923(g).

loan is transferred. (*Id.*)

As the Court previously stated, a TILA damages claim must be brought within one year of loan closing pursuant to 15 U.S.C. § 1640(e), and a rescission claim within three years per 15 U.S.C. § 1635(f). Plaintiffs' renewed attempts to plead around the statute of limitations problems fare no better than in their original complaint. The October 3, 2014 date, which purportedly changed the term from adjustable to fixed, did not affect any disclosure requirements under TILA. Further, the attempt to add a claim for violation of the assignee notification provisions fails on its merits, since there was no sale or transfer of the subject loan, only a merger of the precedessor with Wells Fargo. The motion to dismiss the TILA claim is therefore **GRANTED WITHOUT LEAVE TO AMEND**.

### III. CONCLUSION

For the reasons stated above, the Court **ORDERS** that:

(1) Wells Fargo's Motion to Dismiss the FAC is **GRANTED WITHOUT LEAVE TO AMEND**; and

(2) Plaintiffs' motion for temporary restraining order is **DENIED AS MOOT**.

The Court further **ORDERS** that the parties **SHOW CAUSE** why judgment should not be entered in favor of both Defendants Wells Fargo *and* Cal-Western Reconveyance.

The parties shall file a written response to the Order To Show Cause no later than **May 29, 2015**. A compliance hearing on the filing of the written response shall be set on the Court's 9:01 am calendar for **Friday, June 5, 2015**. Should the parties file a timely written response to the Order To Show Cause, no appearance will be necessary.

This terminates Docket No. 41 and 44.

**IT IS SO ORDERED.**

Dated: May 21, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**